**UNITED STATES of America, Plaintiff—Appellee,**

**v.**

**Shelly GERMANN, aka Helen McDougall, aka Gloria Myers, aka Tracy Bennett, Defendant—Appellant.**

**No. 02–50424.**

**D.C. No. CR–01–00161–AHS–2.**

United States Court of Appeals, Ninth Circuit.

Submitted April 7, 2003.*

Decided April 17, 2003.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before RYMER, KLEINFELD, and FISHER, Circuit Judges.

### MEMORANDUM**

Shelly Germann appeals the district court's two-level sentencing enhancement for mass-marketing following her guilty plea conviction for wire fraud. We have jurisdiction pursuant to 18 U.S.C. § 3742. We review de novo the district court's interpretation of the Sentencing Guidelines. *United States v. Pirello*, 255 F.3d 728, 731 (9th Cir.2001). We review the district court's factual findings in the sentencing phase for clear error. *Id.* The district court's application of the law to the facts of a particular case is reviewed for abuse of discretion. *Id.* We affirm.

Germann contends that even if she and her co-defendant contacted as many as seventy-two people in the course of their telemarketing scheme, that does not constitute a large enough number of victims to justify application of a mass-marketing enhancement. *See* U.S. Sentencing Guidelines Manual § 2F1.1(b)(3) (1998) (deleted by consolidation 2001). We disagree. The application note to U.S.S.G § 2F1.1(b)(3) defines "mass-marketing" as "a plan, program, promotion, or campaign that is conducted through solicitation by telephone, mail, the Internet, or other means to induce a large number of persons to (A) purchase goods or services; (B) participate in a contest or sweepstakes; or (C) invest for financial profit." U.S.S.G. § 2F1.1, cmt. n. 3; *see also United States v. Robinson*, 94 F.3d 1325, 1328 (9th Cir.1996) (interpretative commentary of the Sentencing Guidelines is binding unless it violates the Constitution, a federal statute, or is inconsistent with the guideline itself). Germann's scheme falls within this definition because the method of defrauding individuals is more important than the actual number of victims in applying the mass-marketing enhancement. *See Pirello*, 255 F.3d at 732 ("The relatively low number of individuals actually victimized by [the defendant] before the FBI ended his scheme was the product of chance, and in no way indicative of the breadth of [his] solicitation.").

**AFFIRMED.**

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.